### In re NORTHERN HARDWOOD CO.

(District Court, N. D. New York. February 6, 1922.)

Fixtures ⟨key⟩21—Vendor held not to have lien on portable sawmill placed on land by licensee of purchaser.

　　A vendor of timber land by an executory contract giving the purchasers the right to cut timber thereon *held* not to have a lien on a portable sawmill and boiler placed on the land by bankrupt, a timber company, under a contract with the purchasers and with the knowledge and consent of the vendor; bankrupt not having assumed any of the indebtedness to the vendor, and the machinery having been placed on blocks and posts, and not permanently attached to the land.

⟨key⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Bankruptcy. In the matter of the Northern Hardwood Company, bankrupt. On review of order of special master disallowing claim of Christian Yousey. Affirmed.

Milton Carter, of Lowville, N. Y., for claimant.
Grant & Wager, of Utica, N. Y., for trustee.

RAY, District Judge. The special master has made the following findings of fact:—

"First. On or about June 10, 1911, Christian Yousey, he then being the owner of 4,776 acres of timber land situate in the towns of Croghan and Diana. Lewis county, N. Y., entered into a contract in writing, dated on that day, with Alfred B. Grout, John Montgomery, Leon L. Southwick, and Charles H. Swift, Jr., to sell to them said land for the sum of $28,656. A copy of said contract, marked Exhibit A, is set forth in the amended petition herein of said Christian Yousey."

The contract reads as follows:

"Articles of agreement, made this 10th day of June, in the year one thousand nine hundred and eleven (1911), between Christian Yousey, of the town of Croghan, Lewis Co., N. Y., party of the first part, and Alfred B. Grout, John Montgomery and Leon L. Southwick, of Ilion, Herkimer Co., N. Y., and Charles H. Swift, Jr., of Utica, Oneida Co., N. Y., parties of the second part, in the manner following: The said parties have and hereby do mutually covenant and agree as follows: The party of the first part to sell, and the party of the second part to purchase, all that tract or parcel of land, situate in the town of Croghan, county of Lewis, and state of New York, containing 3,969.50 acres of land, being the same lands described in a deed given by Lawrence J. Goodale to Augustus E. Maxwell and others, dated October 15, 1903, and recorded October 26, 1903, in Lewis Co. clerk's office, in Book 105 of Deeds at page 419; also all that piece of land situate in the town of Croghan, Lewis Co., N. Y., containing 155 acres, being the same conveyed to said Christian Yousey by Henry C. Hitchcock and others, by deed dated January 11, 1907, and recorded in the Lewis Co. clerk's office in Liber 113 of Deeds at page 211; and also all that other piece of land situate in the town of Diana, Lewis Co., N. Y., containing 651½ acres, being the same land described in a deed dated Dec. 25, 1889, given by Orrison Dean and wife to Augustus E. Maxwell, and recorded in the Lewis Co. clerk's office in Liber 107 of Deeds at page 546, making in all hereby contracted 4,776 acres of land, and reference is here made to the aforesaid deeds for a full and detailed description of said 4,776 acres—reserving mines and minerals and rights of way as reserved in former conveyances of said lands, and this contract is made subject to all highways on said lands—excepting and reserving from the lands above described all softwood timber growing and being on about 150 acres situate on southerly side of the lot owned by Slocum & Lefever, with the right to cut and remove said softwood timber at any time within three (3) years from the date hereof, for the sum of twenty-eight thousand six hundred fifty-six dollars ($28,656.00), which sum the said parties of the second part hereby agree to pay to the party of the first part as follows: $1,500.00 at the date hereof; $1,500.00 on September 1, 1911, with interest thereon at 5 per cent. from date hereof; $7,000.00 on January 1, 1912, with interest at 5 per cent. from date hereof on all sums due and to become due; $5,000.00 November 1, 1912; $5,000.00 November 1, 1913; $5,000.00 on November 1, 1914, and $3,656.-00 on November 1, 1915, with interest at 5 per cent. from November 1, 1911, annually on all sums due and to become due. The parties of the second part are to have the right to cut and remove timber from said premises. But in case second parties shall cut more than 1,000,000 feet of timber on said premises in any year from date hereof, then they shall pay first party each year, in addition to the payments above mentioned, $5.00 for each 1,000 feet cut each year in excess of 1,000,000 feet, to be applied as payment upon said

$28,656.00. But if parties of the second part shall cut more than 2,000,000 feet in any year from the date hereof they shall pay party of the first part $——— per thousand for all cut in excess of 2,000,000 feet, within 30 days after same is cut and the same shall not be removed from said premises till paid for and the title thereto shall remain in first party till paid for—payments to be applied on said $28,656.00.

"Said parties of the second part also agree to pay all taxes and assessments which shall be taxed or assessed upon said premises from the date hereof until the said sum shall be fully paid as aforesaid. And the said party of the first part, on receiving such payment at the time and in the manner above mentioned, shall, at his own proper cost and expense, execute and deliver to the said parties of the second part, or to their assigns, a warranty deed of the above-described premises.

"It is agreed that the parties of the second part shall have possession of said premises from and after the date hereof. And it is agreed that the stipulations aforesaid are to apply to and bind the heirs, executors, administrators, and assigns of the respective parties.

"In witness whereof, the said parties have hereunto set their hands and seals the day and year first above written.

| "Christian Yousey. | [L. S.] |
| "Alfred B. Grout. | [L. S.] |
| "John Montgomery. | [L. S.] |
| "Leon L. Southwick. | [L. S.] |
| "Charles H. Swift, Jr. | [L. S.]" |

The remaining findings of fact are:

"Second. Thereafter the Northern Hardwood Company was incorporated, and by agreement with said vendees, and with the knowledge and consent of vendees and vendor, said Northern Hardwood Company entered upon said timber land and began to cut and remove timber therefrom, and continued so to do until about October 30, 1913, when said company was adjudged bankrupt. At the first meeting of creditors on December 5, 1913, Arleigh D. Richardson, of Ilion, N. Y., was appointed trustee of said bankrupt, and since that time he has been the duly qualified and acting trustee in bankruptcy for said Northern Hardwood Company.

"Third. The said Christian Yousey is in possession and is the owner of said land, subject to the unforeclosed interest, if any, of the vendees mentioned in said contract of sale, or their assignee, and upon which contract payments have been made to said Christian Yousey as follows: June 10, 1911, $500; June 24, 1911, $1,000; September 5, 1911, $1,516.66; January 4, 1912, $4,000; January 6, 1912, $1,712.66; April 1, 1912, $500; July 2, 1912, $1,525; March 3, 1913, $1,000; June 1, 1913, $3,006.12.

"Fourth. In its lumbering operations upon said land, said Northern Hardwood Company placed and used thereon certain mill machinery and appliances, consisting of engine and boiler, sawmills, saws, lathe, boring machine, carriages, belting, and other articles of machinery appurtenant thereto, the same being the property of said Northern Hardwood Company and used by it for the purpose of cutting and manufacturing lumber, and remaining on the land, until after the appointment of said trustee in bankruptcy.

"Fifth. Thereafter, pursuant to the order of this court, the said mill machinery and appliances were sold by said trustee for the sum of $347.40 over and above the expenses of selling the same, and the said sum of $347.40 is now in the hands of said trustee, and is held by him subject to any lien which said Christian Yousey may have had against said mill machinery and appliances so sold.

"Sixth. The said mill was set upon posts, and was what is known as a portable sawmill, as distinguished from a stationary mill. The engine and boiler rested partly upon blocks and partly on the ground, and were portable. The boiler had been mounted on wheels, by which it was moved from place to place The wheels had been temporarily removed, and lay on the ground at one side, while the boiler rested upon its axles upon the blocks.

"Seventh. The said mill machinery and appliances were personal property,

and neither the same or any part thereof was so attached to the land as to become part of the real estate, and no interest thereon or lien thereon ever vested in or was transferred to said Christian Yousey by reason of the said lumbering operations, assignment, agreement, or otherwise.

"Eighth. There was no agreement or transaction by or between said Northern Hardwood Company and said Christian Yousey, or the vendees named in said contract of sale, or any of them, or any other person, whereby said Northern Hardwood Company agreed or became obligated to pay to said Christian Yousey any part of the contract price of said land, or any of the payments due or to become due upon said contract of sale."

I have examined the evidence submitted and concur in the findings of the special master. I do not think the claims, or either of them, sustained by the proofs, and there will be an order in reference to each claim, affirming the decision of the special master, and disallowing the claims.